T.C. Memo. 2016-190

UNITED STATES TAX COURT

PALMER RANCH HOLDINGS LTD., PALMER RANCH
HOLDINGS, INC., TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 17017-11.                    Filed October 13, 2016.

Mark F. Hearne, II, Debra Albin-Riley, and Meghan Largent, for petitioner.

Michael Kramarz, Sergio Garcia-Pages, and Andrew Michael Tiktin, for respondent.

_____

[*]This opinion supplements our prior opinion, Palmer Ranch Holdings, Ltd. v. Commissioner, T.C. Memo. 2014-79, aff'd in part, rev'd in part, and remanded, 812 F.3d 982 (11th Cir. 2016).

[*2] SUPPLEMENTAL MEMORANDUM OPINION

GOEKE, Judge: This case is before us on remand from the Court of Appeals for the Eleventh Circuit. We filed our initial opinion in this case on May 6, 2014, as Palmer Ranch Holdings, Ltd. v. Commissioner (Palmer Ranch I), T.C. Memo. 2014-79.

All Rule references are to the Tax Court Rules of Practice and Procedure.

This case involves the valuation of real property which relates to a claimed charitable contribution deduction. Thus in essence this is a valuation case. Previously, the primary issue in both the Court of Appeals and this Court was the highest and best use of the real property. This Court agreed with petitioner, and the Court of Appeals affirmed. The dispute on remand is whether petitioner's valuation should otherwise be reduced because of a declining real estate market in 2006. We will not reiterate the prior findings of fact from Palmer Ranch I nor the discussion in the Court of Appeals opinion; but the issue on remand is whether there should be an adjustment to petitioner's expert valuation according to the specific instructions from the Court of Appeals. The Court of Appeals found the adjustment made by this Court in Palmer Ranch I to be flawed and suggested that

[*3] an alternative basis must be found to support any adjustment for the market decline or the adjustment should be abandoned.

After receiving the mandate, we ordered a supplemental brief from each party. Petitioner reiterates the argument that formed the basis of the partial reversal and remand. Respondent struggles to provide a rationale for a reduction in the value of the charitable contribution that would not be inconsistent with the mandate. The mandate requires that an adjustment for the declining market be based upon evidence of comparable sales or other evidence in the record.

We continue to think that petitioner has failed to quantify the amount by which its expert adjusted his comparable sales analysis for the softening of the real estate market in 2006; however, petitioner was not required to provide such quantification as we read the mandate because the Court of Appeals was convinced that petitioner's expert made a qualitative adjustment.

Respondent has attempted to provide an alternative method to compute an adjustment which would be associated with the comparable uncontrolled price method; but, similar to the method originally adopted by this Court, respondent's method estimates the impact of the market slowdown by reversing positive adjustments of petitioner's expert's alternative approach. That this estimate is not

**[*4]** based upon comparable sales data was a flaw originally identified by the Court of Appeals regarding this Court's efforts to quantify the market adjustment.

The problem is a simple one; respondent failed to demonstrate the market-softening effect at trial using sales or other data for 2006 and 2007. The Court of Appeals accepted petitioner's qualitative adjustment argument, and no data in the record shows the impact of the market downturn. Therefore, respondent's latest proposed method provides no basis to compute an adjustment that conforms with the mandate. Given the state of the record, we will adopt petitioner's expert's position and sustain the value that petitioner claimed at trial.

To reflect any other computational changes,

<u>Decision will be entered under Rule 155</u>.